UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MELANIE BAUERLY,

          Plaintiff,                      CIV S-04-0797 PAN

    v.

JO ANNE B. BARNHART,                  Memorandum of Decision
Commissioner of Social
Security,

          Defendants.

—o0o—

      Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability and supplemental security income benefits.

      If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. §§ 404.1520(f), 416.920(f).

Defendant found plaintiff was eligible, has arthritis and degenerative disc disease but no listed impairment, that she retains the capacity for light work including her past work as secretary and office assistant and that she is not disabled.  Tr. 26-27.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence.  Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance.  Bates v. Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a

1 reasonable mind might accept as adequate to support a conclusion.
2 <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the
3 Commissioner simply by isolating supporting evidence but must
4 consider the entire record, weighing evidence that undermines as
5 well as evidence that supports the Commissioner's decision.
6 <u>Gonzalez v. Sullivan</u>, 914 F.2d at 1200.  If substantial evidence
7 supports administrative findings, or if there is conflicting
8 evidence that will support a finding of either disability or
9 nondisability, the finding of the Commissioner is conclusive,
10 <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may
11 be set aside only if the proper legal standards were not applied
12 in weighing the evidence.  <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338
13 (9th Cir. 1988).

14    Plaintiff claims in a brief prepared without legal
15 assistance that she also suffers from "spastic colon/irritable
16 bowel syndrome" and that defendant failed adequately to develop
17 the record by obtaining medical information in the hands of Drs.
18 Tsai and Singh.

19    The record contains records of treatment by Drs. Tsai and
20 Singh.  Tr. 122-132.  The administrative law judge discussed Dr.
21 Singh's findings and accepted his diagnosis of degenerative disc
22 disease.  Tr. 23.  The administrative law judge specifically
23 noted that Dr. Singh did not find plaintiff suffered from spastic
24 colon and his records contain no mention of the possibility.
25 Plaintiff points to no evidence in the record that she suffers
26 from spastic colon or irritable bowel syndrome and does not

3

suggest where such evidence might be found if the record were better developed.

There was no error and the decision is affirmed.

So ordered.

Dated: June 8, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge